SAUL E. RAMIREZ
and other similarly-situated individuals,

    Plaintiff (s),

v.

B-BUDA, LLC,
B-BUDA BOUTIQUE INC.,
B-BUDA WHOLESALE INC.,
B-BUDA WINWOOD INC., and
SALMAN BUDA, individually.

    Defendants,

_____ /

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff SAUL E. RAMIREZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., B-BUDA WINWOOD INC. and SALMAN BUDA, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff SAUL E. RAMIREZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., B-BUDA WINWOOD INC. are Florida corporations having their place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto, Defendants were engaged in interstate commerce.

4. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, Defendants B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., B-BUDA WINWOOD INC. are a joint enterprise, and joint employers of Plaintiff.

5. The individual Defendant SALMAN BUDA was and is now, owner and general manager of B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., B-BUDA WINWOOD INC. Defendant SALMAN BUDA had control, directed operations of the corporations and he is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this complaint took place in Dade-County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

7. This cause of action is brought by Plaintiff SAUL E. RAMIREZ to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

8. Corporate Defendants B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., B-BUDA WINWOOD INC. are retail stores specialized in merchandising clothing, shoes and handbags at discounted prices. Defendants are retailers

and wholesalers exporting to out of State destinations and foreign Countries in the Caribbean and Central America.

9. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., and B-BUDA WINWOOD INC. were and are now, a joint enterprise because: 1) the two companies have the same or related business activities; 2) the merchandise to be sold by the four companies were stored in the same location; 3) the four companies shared facilities, equipment and supplies; 4) B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., and B-BUDA WINWOOD INC. operated as a single unit for a common business purpose; 5) Between B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., and B-BUDA WINWOOD INC., existed unified operation and common control because individual Defendant SALMAN BUDA controlled financially and operationally the four companies, and they operated as a single unit for a common business purpose; 7) the four corporations had interdependent financial interest, because each company operated the same business.

10. Pursuant 29 C.F.R. §791.2, B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., B-BUDA WINWOOD INC., were joint employers because: 1) B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., and B-BUDA WINWOOD INC. through their owner and general manager SALMAN BUDA had equal and absolute control over the Plaintiff and other employees similarly situated; 2) SALMAN BUDA assigned duties to Plaintiff and other employees similarly situated; 3) B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., B-BUDA WINWOOD INC. through their owner and general manager SALMAN BUDA, jointly and

equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 5) The work of Plaintiff simultaneously benefited the four corporations; 6) The work performed by Plaintiff and other similarly situated individuals were an integral part of the business operation of B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., and B-BUDA WINWOOD INC.

11. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., and B-BUDA WINWOOD INC., are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

12. Defendants B-BUDA, LLC, B-BUDA BOUTIQUE, INC., B-BUDA WHOLESALE INC., and B-BUDA WINWOOD INC., hereinafter will be called collectively B-BUDA, LLC or Defendant.

13. Defendant B-BUDA, LLC employed Plaintiff SAUL E. RAMIREZ as a non-exempt employee approximately from May 01, 2015 to December 31, 2016, or 87 weeks.

14. Plaintiff was hired as a sales associate, but he also had duties as warehouse employee, cleaning person, and delivery person. Plaintiff performed in that position until July 1, 2016, date in which he was misclassified as a manager.

15. During his time of employment Plaintiff had different payment plans, but he maintained the same regular schedule. Plaintiff worked From Monday to Saturday; from 8:30 AM to 6:30 PM (10 hours daily), or 60 hours weekly. Plaintiff always worked 20 overtime hours every week period. However, Defendant never paid Plaintiff for overtime hours. Plaintiff worked the periods and was paid the wage rates specified bellow:

16. <u>For the period from May 1, 2015, to June 30, 2015, (8 weeks)</u>, Plaintiff worked 60 hours weekly; he did not take bona-fide lunch breaks, and he was paid $8.05 an hour. Plaintiff was paid for all his working hours, but at his regular rate; Plaintiff did not receive commissions. Plaintiff was paid strictly on cash basis, without any records of hours worked. For this period, Plaintiff is owed half-time overtime.

17. <u>For the period from July 1, 2015, to June 30, 2016 (52 weeks)</u>. Plaintiff worked 60 hours weekly; he did not take bona-fide lunch breaks. Plaintiff was paid $10.00 an hour and he was paid always for only 40 hours, Plaintiff did not receive commissions; Plaintiff was paid strictly on cash basis, without any records of hours worked. For this period, Plaintiff is owed 20 overtime hours at the rate of time and a half his regular rate.

18. <u>For the period from July 1, 2016, to December 31, 2016, (27 weeks)</u>. Plaintiff worked 62.5 hours weekly; he did not take bona-fide lunch breaks. Plaintiff was paid $10.00 an hour and he was paid always for only 40 hours, Plaintiff did not receive commissions; Plaintiff was paid with checks accompanied by paystubs that reflected only 40 hours of work. For this period, Plaintiff is owed 22.5 overtime hours at the rate of time and a half his regular rate.

    Within this period, Plaintiff was misclassified as a manager. Nevertheless, Plaintiff continued his regular duties as a salesman, warehouse employee, cleaning person, and delivery person. When Plaintiff was misclassified, he never received any increase in his wage rate, he just received additional clerical responsibilities. Plaintiff's duties were manual and non-exempted in nature, and Plaintiff never meet the requirements for any overtime exemption. Furthermore, within this period, Plaintiff was required to work on

Sundays from 9:00 AM to 11:00 AM, and from 5:00 PM to 5:30 PM, to open and close the store, resulting in a workweek of 62.5 working hours every week.

19. During all Plaintiff's time of employment, Defendants never maintained any time keeping method to record the hours worked by Plaintiff and other similarly situated employees.

20. Plaintiff worked under the supervision of owner and manager SALMAN BUDA.

21. Plaintiff worked in excess of 40 hours every week period. Nevertheless, he was not paid for overtime hours at the rate of time and a half his regular rate as required by the FLSA.

22. Plaintiff did not met any requirement for any kind of exemption under the Fair Labor Standards Act., and he was entitled to be paid overtime at the rate of time and a half his regular rate, as established by the Fair Labor Standards Act.

23. Defendants failed to pay Plaintiff for every hour worked in excess of 40, at the rate of time and a half his regular rate as per Federal law requirements.

24. Plaintiff was not in agreement with the number of hours paid to him, and on or about December 31, 2016, Plaintiff left his employment due to disappointment with his working conditions.

25. Plaintiff SAUL E. RAMIREZ seeks to recover any overtime hours, liquidated damages, and any other relief as allowable by law.

26. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**

## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

27. Plaintiff SAUL E. RAMIREZ re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

28. This cause of action is brought by Plaintiff SAUL E. RAMIREZ as a collective action to recover from Defendant overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 1, 2015, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

29. Defendant B-BUDA, LLC was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is an apparel retail, wholesale and exporter company. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

30. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a sales person who handled credit card transactions,

and additionally he had duties as warehouse employee, and he prepare orders to be sent out of state, to domestic and foreign destinations. Therefore, there is individual coverage.

31. Defendant B-BUDA, LLC employed Plaintiff SAUL E. RAMIREZ as a non-exempt restaurant employee approximately from approximately May 01, 2015 to December 31, 2016, or 87 weeks.

32. Plaintiff was hired as a sales associate, and he performed in that position until July 1, 2016, date in which he was misclassified as a manager.

33. During his time of employment Plaintiff had different payment plans, but he maintained the same regular schedule. Plaintiff worked From Monday to Saturday 60 hours weekly. Plaintiff always worked 20 overtime hours every week period. However, Defendant never paid Plaintiff for overtime hours. Plaintiff worked the periods and was paid at the rates specified bellow:

34. For the period from May 1, 2015, to June 30, 2015, (8 weeks), Plaintiff worked 60 hours weekly; he did not take bona-fide lunch breaks, and he was paid $8.05 an hour. Plaintiff was paid for all his working hours, but at his regular rate. Plaintiff did not receive commissions. For this period, Plaintiff is owed half-time overtime.

35. For the period from July 1, 2015, to June 30, 2016 (52 weeks). Plaintiff worked 60 hours weekly; he did not take bona-fide lunch breaks. Plaintiff was paid $10.00 an hour and he was paid always for only 40 hours, Plaintiff did not receive commissions. For this period, Plaintiff is owed 20 overtime hours at the rate of time and a half his regular rate.

36. For the period from July 1, 2016, to December 31, 2016, (27 weeks). Plaintiff worked 62.5 hours weekly; he did not take bona-fide lunch breaks. Plaintiff was paid $10.00 an hour

and he was paid always for only 40 hours, Plaintiff did not receive commissions. For this period, Plaintiff is owed 22.5 overtime hours at the rate of time and a half his regular rate.

37. Within this period, Plaintiff was misclassified as a manager. Nevertheless, Plaintiff's duties were manual and non-exempted in nature, and Plaintiff never meet the requirements for any overtime exemption. Plaintiff did not have any authority to hire and fire, or determine other employee's terms and conditions of employment, and he never exercise any discretion to perform his duties. Plaintiff worked under the supervision of owner and manager SALMAN BUDA. Plaintiff was just a lead-man and he was entitled to be paid overtime at the rate of time and a half his regular rate, as established by the Fair Labor Standards Act.

38. Therefore, Defendant did not pay Plaintiff overtime hours, misclassified him and failed to pay Plaintiff at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

39. During all Plaintiff's time of employment, Defendants never maintained any time keeping method to record the hours worked by Plaintiff and other similarly situated employees. Plaintiff were paid strictly on cash basis. Plaintiff was paid with checks and paystubs reflecting 40 hours of work every week, only for the last 27 weeks of employment.

40. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

41. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

42. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

43. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid off the clock overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. Total amount of alleged half-time unpaid O/T wages:

   Twenty-Five Thousand Three Hundred Fifty-Five Dollars and 70/100 ($25,355.70)

   b. Calculation of such wages:

   Total weeks of employment:  87 weeks
   Total number of hours worked:  60-62.5 hours weekly
   Total number or paid hours: 40 hours
   Total number of unpaid overtime hours: 20-22.5 O/T hours

       i. O/T for the period from May 1, 2015, to June 30, 2015, (8 weeks)

       Total weeks of employment:  8 weeks
       Total number of hours worked:  60 hours weekly
       Total number or paid hours: 60 hours at regular wage rate
       Total number of unpaid overtime hours: 20 O/T hours
       Regular rate: $8.05 an hour x 1.5= $12.07 O/T rate
       O/T rate $12.07-$8.05 rate paid= $4.02 half-time

       Half-time $4.02 x 20 O/T hours= $80.40 weekly x 8 weeks=$643.20

       ii. O/T for the period from July 1, 2015, to June 30, 2016 (52 weeks)

       Total weeks of employment:  52 weeks
       Total number of hours worked:  60 hours weekly
       Total number or paid hours: 40 hours weekly
       Total number of unpaid overtime hours: 20 O/T hours
       Regular rate: $10.00 an hour x 1.5= $15.00 O/T rate

       O/T rate $15.00 x 20 O/T hours= $300.00 weekly x 52 weeks=$15,600.00

    iii. <u>O/T for the period from July 1, 2016, to December 31, 2016 (27 weeks)</u>

    Total weeks of employment: 27 weeks
    Total number of hours worked: 62.5 hours weekly
    Total number or paid hours: 40 hours weekly
    Total number of unpaid overtime hours: 22.5 O/T hours
    Regular rate: $10.00 an hour x 1.5= $15.00 O/T rate

    O/T rate $15.00 x 22.5 O/T hours= $337.50 weekly x 27 weeks=$9,112.50

    Total overtime i, ii, and iii = $25,355.70

    c. <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents unpaid overtime wages.

44. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

45. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

46. At the times mentioned, individual Defendant SALMAN BUDA was the owner and general manager of B-BUDA, LLC. Defendant SALMAN BUDA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendant acted directly in

the interests of B-BUDA, LLC in relation to its employees, including Plaintiff and others similarly situated. Defendant SALMAN BUDA had financial and operational control of the corporation, provided Plaintiff and other similarly situated employees with their work schedule, and is jointly liable for Plaintiff's damages.

47. Defendants B-BUDA, LLC and SALMAN BUDA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

48. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff SAUL E. RAMIREZ and other similarly-situated individuals and against the Defendants B-BUDA, LLC and SALMAN BUDA, on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff SAUL E. RAMIREZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

JURY DEMAND

Plaintiff SAUL E. RAMIREZ demands trial by jury of all issues triable as of right by jury.

Dated: January 27, 2017,

        Respectfully submitted,

        By: **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile: (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*