# SETTLEMENT AGREEMENT

This settlement agreement and release of claims ("Agreement") is entered into by and between SAUL E. RAMIREZ ("Plaintiff"), on the one hand, and B-BUDA, LLC, B-BUDA BOUTIQUE INC., B-BUDA WHOLESALE INC., B-BUDA WINWOOD INC., and SALMAN BUDA, individually (collectively, "Defendants"), on the other.  Plaintiff and Defendants shall be individually referred to herein as a "Party" or collectively as "Parties."

WHEREAS, Plaintiff and Defendants are parties to a lawsuit pending in the United States District Court for the Southern District of Florida, styled *SAUL E. RAMIREZ v. B-BUDA, LLC, B-BUDA BOUTIQUE INC., B-BUDA WHOLESALE INC., B-BUDA WINWOOD INC., and SALMAN BUDA, individually* (Case No. 17-cv-20387-UU), for claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") ("Lawsuit");

WHEREAS, Defendants dispute the merits of Plaintiff's claims, including whether or not Plaintiff was paid for all hours worked; whether or not Plaintiff worked the amount of overtime hours alleged; whether or not Plaintiff was paid the required overtime wages; and whether or not Plaintiff had agreed to settle all of his claims with the Defendants;

WHEREAS, the Parties have amicably resolved this matter under the following terms and conditions:

1. Defendants, in order to resolve the disputes asserted in Plaintiff's complaint, which have arisen between themselves and Plaintiff, without further litigation and the costs associated therewith, have agreed to pay Plaintiff and his attorney the total sum of **$5,500.00 (US Five-Thousand, Five-Hundred Dollars and No Cents)** inclusive of attorney's fees and costs. Defendants have also agreed to pay the full costs of mediation.  The total settlement amount of $5,500.00 shall be payable in two (2) installments, with the first payment, in the amount of

$2,750.00, due within seven (7) days of the execution of this Agreement; and the second and final payment, in the amount of $2,750.00, shall be due on or before thirty (30) days after the due date of the first payment under this Agreement. (all funds to in Plaintiff's counsel's Trust Account until the Court enters an Order approving the settlement and dismissing the case with prejudice)  The total settlement amount of $5,500.00 shall be apportioned as follows:

a. $1,500.00 to Plaintiff, SAUL E. RAMIREZ, plus an additional $5,000.00 *which Plaintiff had already received*, for a total of **$6,500.00**, constituting full payment of any alleged "unpaid overtime wages" as well as "liquidated damages"; and

b. $3,400.00 to Plaintiff's counsel for attorney's fees and $600.00 for costs, for a total of **$4,000.00**. This amount represents Plaintiff's compromised total amount of attorney's fees and costs, which were negotiated separate and apart despite Plaintiff's counsel expenditure over 30 hours on this matter through the date of settlement. Consequentially, Plaintiff's counsel's attorney's fees and costs did not compromise in any way the amount allocated to Plaintiff;

c. All Settlement checks shall be made payable to "Zandro E. Palma, P.A. IOLTA Account", and be delivered by the above specified deadlines to:

> Zandro E. Palma, P.A.
> 9100 S. Dadeland Boulevard
> Suite 1500
> Miami, FL 33156

d. In the event that a payment under this agreement is not made by the above specified deadlines: 1) Plaintiff's counsel shall serve "Notice of Default" via e-mail to counsel for Defendants at jmandel@lawmandel.com ; 2) Defendants shall then have 5 calendar days to cure; and 3) Should Defendants fail to cure within the time proscribed, Plaintiff shall be entitled to entry of a Stipulated Final Judgment in the amount of $5,500.00, minus any amounts paid, plus

$5,000.00 in liquidated damages, plus reasonable attorney's fees and costs incurred in entering Final Judgment.

2. It shall be Plaintiff's and his attorney's sole responsibility to pay any applicable taxes and make any required withholdings under the law for the sums paid pursuant to ¶ 1 of this Agreement.

3. Plaintiff shall dismiss with prejudice, or otherwise cause the Court to dismiss with prejudice, the Lawsuit and all claims asserted therein.

4. **Release**. Except for the obligations contained herein, Plaintiff and his attorneys do hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Defendant and all included entities listed above from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, both known and unknown, suspected or unsuspected, disclosed and undisclosed, actual and consequential, specific and general, however denominated (including, but not limited to, those arising out of, or in any way connected with, the employment of Plaintiff with Defendant in any position at any time, and including, but not limited to, all claims raised in the Lawsuit), for wages, bonuses, overtime pay, front or back pay, minimum wage, income from any source, declaratory or injunctive relief, lost benefits, commission, liquidated damages, compensatory or punitive damages, money, remuneration, attorneys' fees, costs, expert's fees and costs, expenses, or thing of value whatsoever, by Plaintiff against Defendant, including, but not limited to, claims arising under or relating to:

    A. The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq.*

    B. Article X § 24, Florida Constitution, Florida Minimum Wage Amendment;

    C. Florida Statute § 440.205;

D.  The Florida Human Rights Act and the Florida Civil Rights Act of 1992 codified in Chapter 760 of the Florida Statutes;

E.  The Labor Management Relations Act of 1947;

F.  The Equal Pay Act of 1963;

G.  The Occupational Safety and Health Act of 1970;

H.  The Rehabilitation Act of 1973;

I.  The Health Maintenance Organization Act of 1973;

J.  The Immigration Reform and Control Act of 1986;

K.  The Family and Medical Leave Act of 1993 ("FMLA");

L.  Executive Orders 11141, 11246, and 11375;

M.  42 U.S.C. § 1981, § 1982, § 1983, § 1985, or § 2000;

N.  The Americans with Disabilities Act ("ADA"), as amended;

O.  The Consolidated Omnibus Reconciliation Act ("COBRA");

P.  The Employee Retirement Income Security Act of 1974 ("ERISA");

Q.  Any claims for damages, injuries, illnesses, workers compensation, or complications now known or that may later be discovered, including all effects and consequences thereof;

R.  The Civil Rights Acts of 1866, 1871, 1964 (including Title VII of that Act), or 1991;

S.  The Internal Revenue Service Code;

T.  Chapter 448, Florida Statutes;

U.  Chapter 440, Florida Statutes;

V.  The Age Discrimination in Employment Act ("ADEA") and the Older

Workers Benefit Protection Act of 1990 ("OWBPA");

W. Any state, federal, or local whistleblower acts;

X. Any claim for defamation, libel, or slander;

Y. Any federal, state or local laws prohibiting employment discrimination;

Z. The employment, terms of employment, conditions of employment and separation from employment of Plaintiff by Defendant;

AA. Any claims arising from alleged harassment, negligence or intentionally tortious conduct by Defendant occurring before, during or after the employment of Plaintiff by Defendant through the day of this release;

BB. And all other claims under federal, state of local statute or ordinance or common law, including but not limited to those relating to discrimination or retaliation in employment.

The listing of specific types of claims as set forth above is not intended to limit in any way the general and comprehensive scope of this Release from Plaintiff to Defendants. Plaintiff further agrees that it is the express intent of Plaintiff to enter into this full and final settlement and compromise of any and all claims against Defendants, whatsoever, including, but not limited to, those arising out of, or in any way connected with, the employment or engagement of Plaintiff, at any time, from the beginning of the world to the date of execution by Plaintiff of this Agreement. Nothing in this Agreement precludes Plaintiff from filing a charge with, or testifying, assisting, or participating in any investigation, hearing or proceeding conducted by the Equal Employment Opportunity Commission or equivalent state or local agency. Moreover, this Release is not intended to and does not release Defendants from any obligations they have under this Agreement. Otherwise this release is a general release from the Plaintiff to Defendants.

DocuSign Envelope ID: 5699B424-9B5F-4FA5-BB43-EA58254EF2AA

5.  **Confidentiality.** The Plaintiff agrees that the existence, terms, conditions and parties of and to this settlement, including any payments made hereunder or the act or implication that any monies whatsoever were exchanged, shall remain strictly confidential and shall not be disclosed or made known to any third person or party unless such disclosure is required by law. Parties shall agree that the proposed amount of the settlement also not be disclosed in the public record of the court and redact any such amounts from public view as allowable by law. Parties shall, by joint motion, petition for redaction of proposed amounts or submit a joint motion without such sums being disclosed in the pleading, or, in the alternative, petition for an "in camera" review by the court without the motion being made available to the general public. The Plaintiff shall not, either directly or indirectly, disclose, discuss or communicate to any entity or person, except his attorneys or other licensed financial accountant or spouse any information whatsoever regarding the existence or the terms of this Agreement, its nature or scope or the negotiations leading to it, unless compelled to disclose such information pursuant to legal process, and only then after reasonable notice to the Defendants. In addition, should any party to this Agreement be required to enforce the terms of this clause against a breaching party, the prevailing party shall be entitled to his/her/its reasonable attorneys' fees and costs.

6.  **No Disparaging Comments.** Each party covenants and agrees not to publicize, disseminate or otherwise make statements, or encourage or suggest to others to publicize, disseminate or otherwise make statements that are, in any way negative, disparaging or derogatory regarding the other party as defined herein. Plaintiff also specifically agrees not to contact other employees or former employees of the Defendants for the purpose of suggesting to them in any way (or assisting them in any manner) that they should file a claim of any kind against Defendants. It is agreed that this settlement and/or this Agreement may not be used against the Defendants in

any other proceeding unless it is to enforce this Agreement. From their end, Defendants agree to provide neutral references only in the event that Defendants are contacted by a prospective employer of Plaintiff. Said neutral references shall be limited to Plaintiff's dates of employment, rate of pay and position.

7.  **Restriction on Conflicts; Contact**. The Plaintiff agrees that he shall be forever restricted and otherwise barred from contact or access to any individual or all of the Defendants' premises or any other affiliated locations of Defendants, whether temporary or permanent, and any of the Defendants' Owners, Directors, Officers, Employees, Independent Contractors or Agents, including any of the foregoing's relatives or relations, with regards to any of the Defendants corporate or affiliated business matters or operations, of any type. This would include, but be not limited to (i) any retail locations of the Defendants, (ii) any warehouse and/or storage facilities in which the Defendants operate out of the or through, (iii) any movable property such as vehicles, mobile storage units or mobile containers, (iv) any temporary locations whereby the Defendant may have a temporary presence, and (v) any other space the Defendants may occupy in any manner.

8.  The provisions of this Agreement may only be amended, supplemented, waived and/or modified by a writing signed by the party as to whom enforcement of any such amendment, supplement, waiver and/or modification is sought and making specific reference to this Agreement.

9.  This Agreement, and the terms and conditions applicable to each party, shall be binding on the Parties, and their heirs, administrators, representatives, executors, successors and assigns.

10. The Parties represent that they have read the Agreement, have had the opportunity to seek independent counsel of their own choice, and completely understand the terms and conditions and effect of this Agreement. The Parties are therefore fully aware of the terms and conditions contained in this Agreement and have voluntarily and without duress entered into this Agreement and the transactions contemplated thereby.

11. This Agreement shall not be construed more strictly against one party than against any other party merely by virtue of the fact that it might be prepared by counsel for one of the Parties, it being recognized that all Parties have contributed substantially and materially to the preparation of this Agreement.

12. This Agreement may be executed simultaneously in two or more counterparts and by facsimile and/or electronically, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

(signature page to follow)

WHEREAS, by execution of this Agreement below, the Parties express their consent to be bound in all respects to the terms and conditions of this Agreement.

_[signature]_
A6224FCEDE0D425...
Plaintiff, SAUL E. RAMIREZ

7/31/2017
Dated: July ___, 2017

_Salman Buda_ _[signature]_
Name:
Title:
For Defendant, B-BUDA, LLC

Dated: July ___, 2017
8/2/

_Salman Buda_ _[signature]_
Name:
Title:
For Defendant, B-BUDA BOUTIQUE INC.

Dated: July ___, 2017
8/2/

_Salman Buda_ _[signature]_
Name:
Title:
For Defendant, B-BUDA WHOLESALE INC.

Dated: July ___, 2017
8/2

_Salman Buda_ _[signature]_
Name:
Title:
For Defendant, B-BUDA WINWOOD INC.

Dated: July ___, 2017
8/2

_Salman Buda_ _[signature]_
Defendant, SALMAN BUDA, individually

Dated: July ___, 2017
8/2